## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

|  |  |  |
|---|---|---|
| NATURAL RESOURCES DEFENSE COUNCIL, INC.,<br>40 West 20th Street<br>New York, NY 10011 | ) | |
| | ) | |
| HEALTHY GULF<br>1010 Common Street, #902<br>New Orleans, LA 70112 | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 1:20-cv-2047 |
| WILBUR ROSS, in his official capacity<br>as Secretary of Commerce,<br>United States Department of Commerce<br>1401 Constitution Avenue NW<br>Washington, DC 20230 | ) | ECF Case |
| | ) | |
| CHRIS OLIVER, in his official capacity as<br>Assistant Administrator for Fisheries,<br>National Marine Fisheries Service<br>1315 East-West Highway<br>Silver Spring, MD 20910 | ) | |
| | ) | |
| NATIONAL MARINE FISHERIES SERVICE<br>1315 East-West Highway<br>Silver Spring, MD 20910 | ) | |
| | ) | |
| TIMOTHY GALLAUDET, in his official capacity as Assistant<br>Secretary of Commerce for Oceans and Atmosphere and as<br>Deputy Administrator, National Oceanic and Atmospheric<br>Administration<br>1401 Constitution Avenue NW, Room 5128<br>Washington, DC 20230 | ) | |
| | ) | |
| NATIONAL OCEANIC AND ATMOSPHERIC<br>ADMINISTRATION<br>1401 Constitution Ave., NW, Room 5128<br>Washington, DC 20230 | ) | |
| | ) | |
| *Defendants*. | ) | |

_____

1

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**INTRODUCTION**

1.      The Gulf of Mexico whale, a subspecies of Bryde's whale, *Balaenoptera edeni*
("Gulf of Mexico whale" or "the species"), is the only baleen whale resident in the Gulf of
Mexico and one of the most endangered whales on the planet.

2.      Although historically the species ranged across the entire Gulf, its population has
been restricted to a limited area, with recent sightings confined to the area near De Soto Canyon
in the northeastern Gulf. By the government's estimate only 33 individuals remain in the wild.

3.      In 2014, the Natural Resources Defense Council (NRDC) filed an Endangered
Species Act petition with the National Marine Fisheries Service (NMFS) to list the Gulf of
Mexico whale as endangered.

4.      Congress passed the Endangered Species Act (ESA) in 1973 to protect wildlife
like the Gulf of Mexico whale that is in danger of extinction, because such species were
recognized to be "of esthetic, ecological, educational, historical, recreational, and scientific value
to the Nation and its people." 16 U.S.C. § 1531(a)(3). To achieve its purpose, the ESA contains a
series of nondiscretionary deadlines. For the Gulf of Mexico whale, NMFS failed on two prior
occasions to meet the statute's deadlines—which NRDC had to bring suit to enforce—leading to
several years of delay before the species was formally listed as endangered.

5.      On April 15, 2019, nearly five years after NRDC's petition was filed, NMFS
published a final rule listing the Gulf of Mexico whale as endangered throughout all of its range.
84 Fed. Reg. 15,446 (April 15, 2019) (the "Listing Decision"). NMFS stated that the species was
endangered "due to its small population size and restricted range, and the threats of energy
exploration, development and production, oil spills and oil spill response, vessel collision,

fishing gear entanglement, and anthropogenic noise." *Id.* at 15,446.

6.      NMFS has now missed a third mandatory deadline.

7.      The ESA states the NMFS shall designate critical habitat for an endangered species concurrently with its determination to list the species. 16 U.S.C. § 1533(a)(3)(A)(i), (b)(6)(C). That deadline may be extended by one year. in certain circumstances, but only one extension is allowed. *Id.* § 1533(b)(6)(C)(ii). The Act thus required NMFS to designate critical habitat for the Gulf of Mexico whale within one year of the date of publication of its listing decision. *Id.* That deadline is nondiscretionary and cannot be extended further. To date, however, NMFS has not designated critical habitat for the species.

8.      NMFS's delayed protection and designation of critical habitat for these whales, harms the species and reduces its odds of survival, and harms Plaintiffs' interests in the species. This Court should order Defendants to comply with the ESA and designate critical habitat for the Gulf of Mexico whale.

## JURISDICTION AND VENUE

9.      The Court has jurisdiction over this action pursuant to 16 U.S.C. § 1540(c) and (g) (ESA citizen suit provision), 5 U.S.C. §§ 701-706 (judicial review of agency action), and 28 U.S.C. § 1331 (federal question jurisdiction).

10.     The relief requested may be granted under 28 U.S.C. §§ 2201-2202 (declaratory and injunctive relief), 16 U.S.C. § 1540(g) (ESA citizen suit provision), and 5 U.S.C. § 706(1) (Administrative Procedure Act).

11.     Pursuant to 16 U.S.C. § 1540(g)(2)(C), Plaintiffs provided the Secretary of Commerce and all Defendants with written notice of Plaintiffs' intent to file this suit. That notice

was provided more than sixty days prior to the commencement of this action. A copy of

Plaintiffs' notice letter is attached as **Exhibit A** and incorporated herein by reference.

12.     Defendants have not corrected their violations of the law in response to Plaintiffs'

notice.

13.     Venue is proper in the United States District Court for the District of Columbia

pursuant to 28 U.S.C. § 1391(e), 16 U.S.C. § 1540(g)(3)(A), and 5 U.S.C. § 703, because two

Defendants reside in this judicial district and a substantial part of the events or omissions giving

rise to the claims occurred in the District of Columbia. Plaintiff NRDC also has an office in

Washington, D.C.

## PARTIES

### *Plaintiffs*

14.     Plaintiff Natural Resources Defense Council, Inc. (NRDC) is a nationwide non-

profit environmental organization. NRDC has over 300,000 members nationwide, including

members in the Gulf states of Louisiana, Mississippi, Alabama, and Florida. NRDC's mission is

to "safeguard the Earth: its people, its plants and animals, and the natural systems on which all

life depends." NRDC has worked for decades to implement and enforce the Endangered Species

Act, and to protect endangered species.

15.     Through its Marine Mammal Protection Project, NRDC has worked for more than

twenty years to protect marine mammals in the United States and abroad using various tools

including litigation, advocacy, policy development, and participation in Marine Mammal

Protection Act-mandated take reduction teams. NRDC and its members have advocated and

litigated to protect the Gulf of Mexico whale, by working to get it listed as endangered and to

curb threats that impact the whale, like ocean noise, offshore oil and gas exploration, and commercial fishing.

16.     NRDC members reside throughout the United States and along the coast of the Gulf of Mexico. NRDC members derive recreational, conservation, aesthetic, and other benefits from the Gulf of Mexico whale in the wild.

17.     For example, in the course of her routine activities, NRDC member and Healthy Gulf member Bonny Schumaker regularly visits the northeastern Gulf of Mexico and enjoys seeing or seeking marine wildlife, including the Gulf of Mexico whale. Ms. Schumaker has specific plans to continue the activities that bring her to the northeastern Gulf of Mexico and to the habitat of the Gulf of Mexico whale, and to look for and attempt to see the Gulf of Mexico whale.

18.     Plaintiff Healthy Gulf (formerly Gulf Restoration Network) is a nonprofit network of community, conservation, environmental and fishing groups and individuals committed to protection and restoration of the natural resources of the Gulf of Mexico. Healthy Gulf's purpose is to collaborate with and serve communities who love the Gulf of Mexico by providing research, communications and coalition-building tools needed to reverse the long-pattern of over exploitation of the Gulf's natural resources. Healthy Gulf is headquartered in New Orleans, Louisiana, with offices in Pensacola, Florida, and Madison, Mississippi. Healthy Gulf members live in the five Gulf states of Texas, Louisiana, Mississippi, Alabama, and Florida, and nationwide.

19.     Healthy Gulf members and constituents regularly use, enjoy, and benefit from the marine environment of the Gulf of Mexico. Healthy Gulf members benefit from the presence of the Gulf of Mexico whale and its marine environment for recreational, aesthetic, commercial,

scientific, and environmental purposes, including sailing, whale-watching, scientific study, boat touring, underwater diving, fishing, and photography. The ability of Healthy Gulf and its members to pursue these interests is impacted by the wellbeing of the Gulf of Mexico whale.

*Defendants*

20.     Defendant Wilbur Ross, United States Secretary of Commerce, is the highest-ranking official within the Department of Commerce and, in that capacity, has ultimate responsibility for the administration and implementation of the Endangered Species Act with regard to the Gulf of Mexico whale, and for compliance with all other federal laws applicable to the Department of Commerce. He is sued in his official capacity.

21.     Defendant Chris Oliver, Assistant Administrator for Fisheries, is the highest-ranking official within the National Marine Fisheries Service and, in that capacity, has responsibility for the administration and implementation of the Endangered Species Act with regard to the Gulf of Mexico whale, and for compliance with all other federal laws applicable to the National Marine Fisheries Service. He is sued in his official capacity.

22.     Defendant National Marine Fisheries Service (NMFS) is a federal agency within the National Oceanic and Atmospheric Administration in the Department of Commerce, which is authorized and required by law to protect and manage the fish, marine mammals, and other marine resources of the United States, including enforcing and implementing the Endangered Species Act. NMFS has been delegated authority by the Secretary of Commerce to implement the Endangered Species Act for the Gulf of Mexico whale, and is responsible for making listing decisions, processing petitions for such actions, and promulgating related regulations.

23.     Defendant Timothy Gallaudet, Assistant Secretary of Commerce for Oceans and Atmosphere and Deputy Administrator, National Oceanic and Atmospheric Administration has

responsibility for the oversight of the National Marine Fisheries Service and the administration and implementation of the Endangered Species Act by the National Oceanic and Atmospheric Administration and the National Marine Fisheries Service, and for compliance with all other federal laws applicable to the National Oceanic and Atmospheric Administration. He is sued in his official capacity.

24.     Defendant National Oceanic and Atmospheric Administration (NOAA) is a federal agency within the Department of Commerce. NOAA has supervisory authority over NMFS.

25.     Plaintiffs and their members derive significant benefits—recreational, aesthetic, economic, cultural, or scientific—from the Gulf of Mexico whale. Defendants' failure to comply with federal law and designate critical habitat for the species under the Endangered Species Act has directly and adversely harmed the interests of Plaintiffs and their members, and continues to do so.

## LEGAL BACKGROUND

26.     The Endangered Species Act, 16 U.S.C. § 1531 *et seq*., is a federal statute enacted to conserve endangered and threatened species and the ecosystems upon which they depend. 16 U.S.C. § 1531(b). The ESA is "the most comprehensive legislation for the preservation of endangered species ever enacted by any nation." *Tennessee Valley Authority v. Hill*, 437 U.S. 153, 180 (1978). The Supreme Court's review of the Act's "language, history, and structure" established "beyond doubt that Congress intended endangered species to be afforded the highest of priorities." *Id.* at 174. As the Supreme Court held, "the plain intent of Congress in enacting this statute was to halt and reverse the trend toward species extinction, whatever the cost." *Id.* at 184.

27.     One of the main purposes of the ESA is "to provide a means whereby the ecosystems upon which endangered species and threatened species depend may be conserved." 16 U.S.C. § 1531(b).

28.     An endangered species is one that is "in danger of extinction throughout all or a significant portion of its range." *Id.* § 1532(6). The Secretary of Commerce, through NMFS, is responsible under the Act for determining whether marine species, including marine mammals such as the Gulf of Mexico whale, are threatened or endangered.

29.     If NMFS determines that listing a species as threatened or endangered is warranted, it must publish a proposed rule to that effect. *Id.* § 1533(b)(5). NMFS has one year from the date of publication of the proposed rule to publish a final rule either finalizing its determination or explaining why the proposed listing determination cannot or should not be made. *See id.* § 1533(b)(6)(A)(i).

30.     If NMFS publishes a final rule that lists a species as threatened or endangered, it must designate critical habitat concurrently with that final rule. *Id.* § 1533(a)(3)(A)(ii); *see id.* § 1533(b)(6)(C).

31.     The ESA defines critical habitat as "the specific areas within the geographical area occupied by the species, at the time it is listed . . . on which are found those physical or biological features (I) essential to the conservation of the species and (II) which may require special management considerations or protection" and "specific areas outside the geographical area occupied by the species at the time it is listed . . . upon a determination . . . that such areas are essential for the conservation of the species." *Id.* § 1532(5)(A).

32.     The only exceptions to the requirement that NMFS designate critical habitat concurrently with listing of the species are where designation is not prudent or critical habitat is "not then determinable." *Id.* § 1533(a)(3)(A), (b)(6)(C)(ii).

33.     If critical habitat is not determinable at the time NMFS lists a species, NMFS may extend the deadline for designating critical habitat "by not more than one additional year," and must publish within one year a final regulation designating, "to the maximum extent prudent," critical habitat "based on such data as may be available at that time." 16 U.S.C. § 1533(b)(6)(C)(ii).

34.     The Administrative Procedure Act (APA), 5 U.S.C. § 551 *et seq.*, provides general rules governing the issuance of proposed and final regulations by federal agencies. Section 10 of the APA, 5 U.S.C. § 706, provides standards for judicial review of final agency action. Under that section, a reviewing court must "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

## FACTUAL BACKGROUND

### *The Gulf of Mexico Whale*

35.     The Gulf of Mexico whale is one of the most endangered whales on the planet. NMFS estimates that only 33 individuals remain. Listing Decision, 84 Fed. Reg. at 15,473.

36.     The species is "genetically distinct from all other Bryde's whales worldwide" and uses its own unique set of acoustic calls to communicate. *Id.* at 15,471, 15,473-74.

37.     The species is the only baleen whale that lives in the Gulf of Mexico. Although historically the species ranged across the entire Gulf, its population has been restricted to a limited area by industrial activity, with recent sightings confined to the area near De Soto Canyon in the northeastern Gulf, along the continental shelf break. *Id.* at 15,472-73.

38.     The Gulf of Mexico whale faces numerous and serious threats to its existence. *Id.* at 15,446.

*NMFS's History of Delay*

39.     In September 2014, NRDC submitted a petition to NMFS to list the Gulf of Mexico whale as endangered, outlining the threats to the species and the dire state of the population.

40.     On April 6, 2015, NMFS issued a finding that action to list the species as endangered "may be warranted," 80 Fed. Reg. 18,343 (April 6, 2015), but failed to issue a 12-month finding within one year of its receipt of NRDC's petition. NRDC sued in May 2016. Complaint, *NRDC v. Sobeck*, No. 1:16-cv-00851-KBJ (D.D.C. May 5, 2016).

41.     Several months later, NMF published a 12-month finding that the Gulf of Mexico whale "is in danger of extinction throughout all of its range" and a proposed regulation to list it as endangered. 81 Fed. Reg. 88,639 (Dec. 8, 2016) (the "Proposed Regulation"). NMFS identified 27 threats to the whale's survival, six of which were rated as "medium" and eight of which were rated as "high." *Id.* at 88,652.

42.     NMFS was required to issue a final rule, extend its review, or withdraw the proposed listing within one year of the publication of the proposed rule. 16 U.S.C. § 1533(b)(6)(A). But NMFS missed that deadline, too, and NRDC and Healthy Gulf sued to compel the agency to act. Complaint, *NRDC v. Ross*, No. 1:19-cv-00431-KBJ (D.D.C. Feb. 21, 2019).

43.     On April 15, 2019, nearly five years after NRDC's petition was filed—and nearly three years after the whale would have presumably been listed as endangered if NMFS had met the statutory deadlines—NMFS published a final rule listing the Gulf of Mexico whale as

endangered throughout all of its range. Listing Decision, 84 Fed. Reg. 15,446 (April 15, 2019). NMFS stated that the species was endangered "due to its small population size and restricted range, and the threats of energy exploration, development and production, oil spills and oil spill response, vessel collision, fishing gear entanglement, and anthropogenic noise." *Id.*

*NMFS's Failure to Designate Critical Habitat*

44.     In the April 15, 2019, Listing Decision, NMFS stated that critical habitat for the special was "not determinable" at that time but would be proposed in a future rulemaking. *Id.*

45.     NMFS was required to publish a final regulation identifying the whale's habitat within one year of its final rule listing the Gulf of Mexico whale as an endangered species, 16 U.S.C. § 1533(b)(6)(C)(ii), but it did not.

46.     On April 28, 2020, Plaintiffs sent the Secretary and Defendants a notice describing Defendants' violation of the law and indicating Plaintiffs' intent to sue if NMFS failed to designate critical habitat for the Gulf of Mexico whale within sixty days. Exhibit A.

47.     As of the date of this Complaint, NMFS has not designated critical habitat for the Gulf of Mexico whale.

48.     The science showing that the Gulf of Mexico whale is endangered and that its habitat is in need of urgent protection is clear and compelling. This Court should compel NMFS to follow the law.

**CLAIM FOR RELIEF**

(Violation of the Endangered Species Act and the Administrative Procedure Act)

49.     Plaintiffs incorporate by reference all preceding paragraphs as if fully stated herein.

50.     Defendants have a nondiscretionary duty to designate critical habitat for the Gulf of Mexico whale. 16 U.S.C. § 1533. The statute ordinarily requires designation of critical habitat concurrently with the listing of an endangered species. *Id.* § 1533(a)(3)(A)(i), (b)(6)(C). The statute allows a single, one-year extension, which Defendants invoked when they published the Listing Decision on April 15, 2019; no further extension are permitted. *Id.* § 1533(b)(6)(C)(ii). Under 16 U.S.C. § 1533(b)(6)(C)(ii), Defendants were required to designate critical habitat for the Gulf of Mexico whale within, at the latest, one year of the publication of the Listing Decision.

51.     As of the date of this Complaint, Defendants have failed to designate critical habitat for the Gulf of Mexico whale, in violation of the ESA, 16 U.S.C. §§ 1533, 1540(g)(1)(C), and the APA, 5 U.S.C. § 706(1).

## PRAYER FOR RELIEF

WHEREFORE Plaintiffs request that the Court:

1.     Declare that Defendants' failure to designate critical habitat for the Gulf of Mexico whale violates its non-discretionary duty under the ESA, 16 U.S.C. § 1533(b)(6)(C), or constitutes agency action unlawfully withheld under the APA, 5 U.S.C. § 706(1);

2.     Order Defendants to prepare and publish in the Federal Register a final regulation designating critical habitat for the Gulf of Mexico whale by a date certain;

3.     Retain jurisdiction over this matter until Defendants have complied fully with the Court's order;

4.     Grant Plaintiffs their costs of suit, including reasonable attorney fees; and

5.     Grant Plaintiffs such other relief as the Court deems just and proper.

Dated: July 28, 2020                    Respectfully Submitted,


                                        /s/ Lucas J. Rhoads
                                        Lucas J. Rhoads
                                        D.C. Bar No. 252693
                                        Natural Resources Defense Council
                                        1152 15th Street NW, Suite 300
                                        Washington, DC 20005
                                        Tel.:  202-513-6242
                                        Fax:  202-232-7203
                                        lrhoads@nrdc.org

                                        Samuel D. Eisenberg
                                        IL Bar No. 6333964
                                        (*pro hac vice* pending)
                                        Natural Resources Defense Council
                                        20 N Wacker Drive, Suite 1600
                                        Chicago, IL 60606
                                        Tel.:  312-651-7922
                                        Fax:  312-332-1908
                                        seisenberg@nrdc.org

                                        Giulia C.S. Good Stefani
                                        OR Bar No. 176368
                                        (*pro hac vice* pending)
                                        Natural Resources Defense Council
                                        P.O. Box 106
                                        Mosier, OR 97040
                                        Tel.:  310-434-2333
                                        Fax:  415-875-6161
                                        ggoodstefani@nrdc.org

                                        *Counsel for Plaintiffs*
                                        NATURAL RESOURCES DEFENSE
                                        COUNCIL, INC. and HEALTHY GULF