JEAN E. WILLIAMS,
Deputy Assistant Attorney General
Environment & Natural Resources Division
SETH M. BARSKY, Chief
MEREDITH FLAX, Assistant Chief
ANTHONY D. ORTIZ, Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
P.O. Box 7611, Ben Franklin Station
Washington, D.C. 20044
Tel | (202) 305-5708; Fax | (202) 305-0275
E-mail: Anthony.D.Ortiz@usdoj.gov

*Attorneys for Federal Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATURAL RESOURCES DEFENSE COUNCIL, INC., HEALTHY GULF<br><br>*Plaintiffs*,<br><br>v.<br><br>WILBUR ROSS, in his official capacity as Secretary of Commerce, United States Department of Commerce<br><br>CHRIS OLIVER, in his official capacity as Assistant Administrator for Fisheries, National Marine Fisheries Service<br><br>NATIONAL MARINE FISHERIES SERVICE<br><br>TIMOTHY GALLAUDET, in his official capacity as Assistant Secretary of Commerce for Oceans and Atmosphere and as Deputy Administrator, National Oceanic and Atmospheric Administration<br><br>NATIONAL OCEANIC AND ATMOSPHERIC ADMINISTRATION<br><br>*Defendants*. | CASE NO. 1:20-cv-2047-KBJ |

## DEFENDANTS' ANSWER TO THE COMPLAINT

Defendants, Wilbur Ross, in his official capacity as Secretary of Commerce, United States Department of Commerce; Chris Oliver, in his official capacity as Assistant Administrator for Fisheries, National Marine Fisheries Service; the United States National Marine Fisheries Service ("NMFS"); Timothy Gallaudet, in his official capacity as Assistant Secretary of Commerce for Oceans and Atmosphere and as Deputy Administrator, National Oceanic and Atmospheric Administration; and the National Oceanic and Atmospheric Administration ("NOAA"), hereby respond to the allegations of the Complaint.  Complaint, July 28, 2020, ECF No 1.  The numbered paragraphs of this Answer correspond to the numbered paragraphs of the Complaint.

1.      Defendants admit that the Gulf of Mexico population of the Bryde's whale ("GOMx Bryde's whale") is listed as endangered under the Endangered Species Act ("ESA") as a subspecies of the Bryde's whale (*Balaenoptera edeni*).  Defendants lack sufficient knowledge to admit or deny the remaining allegations of Paragraph 1, and the allegations are therefore denied.

2.      The allegations contained in first sentence of Paragraph 2 are too vague and ambiguous to permit a response and are denied on that basis. The allegations in the second sentence purport to characterize a "government estimate" that speaks for itself and is the best evidence of its content.  Any allegations contrary to its plain language, meaning, and context are denied.

3.      Defendants admit that the Natural Resources Defense Council ("NRDC") filed an ESA petition with NMFS in 2014 to list the GOMx Bryde's whale as endangered.

4.      The allegations of the first and second sentences of Paragraph 4 purport to

characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language meaning, and context are denied. The allegations in the third sentence consist of legal conclusions, to which no response is required.

5.      The allegations in Paragraph 5 purport to characterize the contents of 84 Fed. Reg. 15,446 (Apr. 15, 2019), which speak for themselves and are the best evidence of their contents. Any allegations contrary to its plain language, meaning, and context are denied.

6.      The allegations in Paragraph 6 consist of a legal conclusion, to which no response is required.

7.      The allegations in the first, second, and third sentences of Paragraph 7 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. The allegation in the fourth sentence consists of a legal conclusion, to which no response is required. For the allegations in the fifth sentence of Paragraph 7, Defendants admit that critical habitat has not been designated for the GOMx Bryde's whale to date.

8.      The allegations in Paragraph 8 consist of Plaintiffs' characterization of its lawsuit and request for relief, to which no response is required.

## JURISDICTION AND VENUE

9.      The allegations of Paragraph 9 consist of legal conclusions, to which no response is required.

10.     The allegations of Paragraph 10 consist of legal conclusions, to which no response is required.

11.     The allegations of the first and second sentences of Paragraph 11 consist of legal conclusions, to which no response is required.  Defendants admit that Plaintiffs' notice letter is attached as Exhibit A to Plaintiffs' complaint.

12.     The allegations of Paragraph 12 consist of legal conclusions, to which no response is required.

13.     The allegations of the first sentence of Paragraph 13 consist of legal conclusions, to which no response is required.  For the second sentence of the paragraph, Defendants lack sufficient knowledge to admit or deny the allegations, and the allegations are therefore denied.

PARTIES

*Plaintiffs*

14.     Defendants lack sufficient knowledge to admit or deny the allegations contained in Paragraph 14, and the allegations are therefore denied.

15.     Defendants lack sufficient knowledge to admit or deny the allegations contained in Paragraph 15, and the allegations are therefore denied.

16.     Defendants lack sufficient knowledge to admit or deny the allegations contained in Paragraph 16, and the allegations are therefore denied.

17.     Defendants lack sufficient knowledge to admit or deny the allegations contained in Paragraph 17, and the allegations are therefore denied.

18.     Defendants lack sufficient knowledge to admit or deny the allegations contained in Paragraph 18, and the allegations are therefore denied.

19.     Defendants lack sufficient knowledge to admit or deny the allegations contained in Paragraph 19, and the allegations are therefore denied.

*Defendants*

20.     Defendants admit that Wilbur Ross is the Secretary of the U.S. Department of Commerce.  The remaining allegations of Paragraph 20 consist of legal conclusions, to which no response is required.

21.     Defendants admit that Chris Oliver is the Assistant Administrator for Fisheries for NMFS.  The remaining allegations of Paragraph 21 consist of legal conclusions, to which no response is required.

22.     Defendants admit that NMFS is a federal agency within NOAA, which is an agency within the U.S. Department of Commerce.  The remaining allegations of Paragraph 22 consist of legal conclusions, to which no response is required.

23.     Defendants admit that Timothy Gallaudet is the Assistant Secretary of Commerce for Oceans and Atmosphere and Deputy Administrator for NOAA.  The remaining allegations of Paragraph 23 consist of legal conclusions, to which no response is required.

24.     Defendants admit that NOAA is a federal agency within the U.S. Department of Commerce.  The remaining allegations in Paragraph 24 consist of legal conclusions, to which no response is required.

25.     Defendants lack sufficient knowledge to admit or deny the allegations contained in the first sentence of Paragraph 25, and the allegations are therefore denied. The remaining allegations in Paragraph 25 consist of legal conclusions, to which no response is required.

## LEGAL BACKGROUND

26.     The allegations of Paragraph 26 purport to characterize the ESA and *Tennessee Valley Authority v. Hill*, 437 U.S. 153 (1978), which speak for themselves and are the best

evidence of their contents.  Any allegations contrary to their plain language, meaning, and context are denied.

27.     The allegations in Paragraph 27 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

28.     The allegations in the first sentence of Paragraph 28 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.  The second sentence of the paragraph consists of legal conclusions, to which no response is required.

29.     The allegations in Paragraph 29 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

30.     The allegations in Paragraph 30 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

31.     The allegations in Paragraph 31 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

32.     The allegations in Paragraph 32 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

33.     The allegations in Paragraph 33 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

34.     The allegations in Paragraph 34 purport to characterize the Administrative Procedure Act ("APA"), which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

## FACTUAL BACKGROUND

### *The Gulf of Mexico Whale*

35.     The allegations in Paragraph 35 purport to characterize the content found at 84 Fed. Reg. 15,446, 15,473 (Apr. 15, 2019), which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

36.     The allegations in Paragraph 36 purport to characterize the content found at 84 Fed. Reg. at 15,471, 15,473-74, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

37.     The allegations in Paragraph 37 purport to characterize the content found at 84 Fed. Reg. at 15,472-73, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

38.     The allegations in Paragraph 38 purport to characterize the content found at 84 Fed. Reg. at 15,466, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

39.     Defendants admit that NRDC submitted an ESA petition to NMFS in September 2014 to list the GOMx Bryde's whale as endangered.  The remaining allegations of Paragraph 39

purport to characterize the petition, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

40. The allegations in the first clause of the first sentence of Paragraph 40 purport to characterize the content found at 80 Fed. Reg. 18,343 (Apr. 6, 2015), which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. The remaining allegations in the first sentence consist of legal conclusions, to which no response is required. The allegations in the second sentence of Paragraph 40 purport to characterize the Complaint for *NRDC v. Sobeck*, No. 1:16-cv-00851-KBJ (D.D.C. May 5, 2016), which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

41. The allegations in Paragraph 41 purport to characterize the content found at 81 Fed. Reg. 88,639, 88,652 (Dec. 8, 2016), which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

42. The allegations in the first sentence and the first clause of the second sentence of Paragraph 42 consist of legal conclusions, to which no response is required. The remaining allegations in the second sentence purport to characterize the Complaint for *NRDC v. Ross*, No. 1:19-cv-00431-KBJ (D.D.C. Feb. 21, 2019), which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

43. Defendants admit they issued a final listing rule for the GOMx Bryde's whale on April 15, 2019. Portions of the allegations in the first sentence and the entirety of the second sentence of Paragraph 43 purport to characterize the content found at 84 Fed. Reg. 15,446 (Apr. 15, 2019), which speaks for itself and is the best evidence of its contents. Any allegations

contrary to its plain language, meaning, and context are denied.  The remaining allegations in the paragraph consist of legal conclusions, to which no response is required.

44.      The allegations in Paragraph 44 purport to characterize the content found at 84 Fed. Reg. at 15,446, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

45.      The allegations in the first clause of Paragraph 45 consist of legal conclusions, to which no response is required.  In response to the allegations in the second clause, Defendants admit that they have not to date designated critical habitat for the GOMx Bryde's whale.

46.      The allegations in Paragraph 46 purport to characterize the content of the attached Exhibit A, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

47.      Defendants admit to the allegations in Paragraph 47.

48.      The allegations in first sentence of Paragraph 48 are too vague and ambiguous to permit a response and are denied on that basis.  The second sentence of the paragraph contains Plaintiffs' request for relief, to which no response is required.

Claim for Relief

49.      Defendants incorporate by reference their responses to all preceding paragraphs.

50.      The allegations in Paragraph 50 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.  The allegations in the first and fourth sentences are also legal conclusions, to which no response is required.

51.      The allegations in Paragraph 51 are legal conclusions, to which no response is required.  The allegations also purport to characterize the ESA and the APA, which speaks for

themselves and are the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of the ESA and APA are denied.

## PRAYER FOR RELIEF

The remainder of the Complaint constitutes Plaintiffs' request for relief, to which no response is required.  To the extent a response may be deemed required, Defendants deny that Plaintiffs are entitled to the relief sought.

## GENERAL DENIAL

Defendants deny any allegations of the Complaint, whether express or implied, that are not specifically admitted, denied, or qualified herein.

## AFFIRMATIVE DEFENSES

1.      The court may lack subject matter jurisdiction over Plaintiffs' claims.

2.      Plaintiffs fail to state a claim upon which relief may be granted.

3.      To the extent that some or all of the Plaintiffs' claims are partially or completely barred by a statute of limitations, any such claims should be dismissed.

Date:  December 7, 2020

JEAN E. WILLIAMS
Deputy Assistant Attorney General
SETH M. BARSKY, Section Chief
MEREDITH L. FLAX. Assistant Section Chief

*/s/ Anthony D. Ortiz*
ANTHONY D. ORTIZ
Trial Attorney, (DC Bar 978873)
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
P.O. Box 7611, Ben Franklin Station
Washington, D.C. 20044
Tel | (202) 305-5708; Fax | (202) 305-0275
E-mail: Anthony.D.Ortiz@usdoj.gov

*Counsel for Defendants*

*Of Counsel*
Jocelyn D'Ambrosio
Katharine M. Zamboni
Office of General Counsel
National Oceanic and Atmospheric Administration